(R.D. 11661)

FINE ARTS BAG CO. *v.* UNITED STATES

Entry No. 872656, etc.

(Decided April 17, 1969)

*Barnes, Richardson & Colburn* for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General, for the defendant.

RE, Judge: The following appeals for reappraisement, enumerated in schedule "A", hereto attached and made a part hereof, have

been submitted for decision upon a written stipulation of counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court as follows:

1. That the involved merchandise consists of handbags exported from Hong Kong after the effective date of Section 6(a) of the Customs Simplification Act of 1956 (T.D. 54165); that the involved merchandise is not identified on the Final List published by the Secretary of the Treasury pursuant thereto (T.D. 54521); and that appraisement was accordingly made under Section 402 of the Tariff Act of 1930 as amended by the said Customs Simplification Act.

2. That on or about the dates of exportation of the involved merchandise, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit ex-factory prices, plus the invoiced charges for inland freight, insurance, storage, and hauling and lighterage, but exclusive of the amounts described on the invoices as buying commission.

3. That the appeals enumerated in Schedule "A" annexed may be submitted for decision upon this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and that such values therefor are the invoice unit ex-factory prices, plus the invoiced charges for inland freight, insurance, storage, and hauling and lighterage, but exclusive of the amounts described on the invoices as buying commission.

Judgment will be entered accordingly.